# In the United States Court of Federal Claims

No. 09-33308
(Filed: July 20, 2023)[1]

**NOT FOR PUBLICATION**

|  |  |  |
|---|---|---|
| **************************************** | | |
| CLIFFORD KEATON BARNES, *et al.*, | * | |
|  | * | |
| Plaintiffs, | * | RCFC 12(b)(1); Lack of Subject- |
|  | * | Matter Jurisdiction; Federal Insurance |
| v. | * | Contributions Act ("FICA"); Tax |
|  | * | Refund Claim; Statute of Limitations; |
| THE UNITED STATES, | * | I.R.C. § 6511; *Pro Se*. |
|  | * | |
| Defendant. | * | |
| **************************************** | | |

*Robert G. Scott*, Guilford, CT, proceeding *pro se*.

*Emily Van Dam*, U.S. Department of Justice, Tax Division, Washington, DC, counsel for Defendant.

## MEMORANDUM OPINION AND ORDER

**DIETZ, Judge.**

      Robert G. Scott is one of several retired United Airlines pilots seeking a refund of Federal Insurance Contributions Act ("FICA") taxes paid at the time of their respective retirements. On October 21, 2022, the government moved to dismiss Mr. Scott's claim for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), and alternatively, for failure to state a claim pursuant to RCFC 12(b)(6). Def.'s Mot. to Dismiss [ECF 37]. In its motion, the government explains that, on review of the available evidence, it appears that Mr. Scott retired in 2002. *Id*. at 8. The government further explains, "while Mr. Scott never provided a copy of any [Tax Refund Request] Form 843 that he allegedly filed [with the IRS] . . . nor did he respond to repeated discovery requests from [the government] requesting additional information about his claims[,]" "it appears that he is seeking a refund of FICA taxes that United [Airlines] paid on his behalf in 2002." *Id*. at 8-9. On this basis, the government moves to dismiss Mr. Scott's claim as untimely. *Id*. at 1. Mr. Scott did not file a response to the government's motion to dismiss, and, on January 17, 2023, the government filed a reply requesting that the Court treat its motion as unopposed. [ECF 45].

---

[1] To promote clarity and transparency, the Court also filed this Memorandum Opinion and Order in *Koopmann, et al. v. United States*, 09-333.

On June 2, 2023, the Court issued a Memorandum Opinion and Order dismissing the complaints of the United Airlines pilots who retired in 2002. *See Adams, et. al v. United States*, 09-33305, 2023 WL 3792547 (Fed. Cl. June 2, 2023). Because the evidence shows that Mr. Scott retired in 2002, like the plaintiffs in *Adams*, the Court concludes that it lacks subject matter jurisdiction over his claim for the same reasons set forth in *Adams*.

Robert G. Scott retired from United Airlines in 2002. Robert G. Scott Pl. Info. Sheet, *Sofman, et al. v. United States*, No. 10-157, [ECF 101] at 1. Mr. Scott alleges that he filed a refund claim with the IRS on May 1, 2007. *Id*. As explained in *Adams*, this Court possesses jurisdiction over claims for tax refunds provided the plaintiff meets certain jurisdictional requirements. *See* 28 U.S.C. § 1346(a)(1); I.R.C. § 7422(a); *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4, 14 (2008). One of those requirements is that the plaintiff must timely file a refund claim with the Secretary of the Treasury before proceeding with a refund suit in this Court. *See* I.R.C. § 7422(a); *Sun Chem. Corp. v. United States*, 698 F.2d 1203, 1206 (Fed. Cir. 1983) ("[I]t is a well-established rule that a timely, sufficient claim for refund is a jurisdictional prerequisite to a refund suit"); *see also Greene v. United States*, 191 F.3d 1341, 1343 (Fed. Cir. 1999). Under I.R.C. § 6511, a federal tax refund claim must be filed "by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later[.]" I.R.C. § 6511(a). Thus, as detailed in *Adams*, the United Airlines pilots who retired in 2002 were required by I.R.C. § 6511 to file their refund claims with the IRS by April 15, 2006—which is the later date of three years from the time that United Airlines filed the return and two years from the time when United Airlines paid the tax. *See Adams*, 2023 WL 3792547, at *11. Mr. Scott did not file his refund claim until May 1, 2007. *See Sofman*, [ECF 101] at 1. Because Mr. Scott's alleged tax refund claim was not timely filed as required by § 6511, the Court lacks jurisdiction to consider his tax refund suit, and his claim must be dismissed.[2]

Accordingly, the government's motion to dismiss [ECF 37] is **GRANTED**. Robert G. Scott's claim is **DISMISSED** for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1). Pursuant to RCFC 54(b), there being no just reason for delay, the Clerk is **DIRECTED** to enter judgment against Mr. Scott.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge

---

[2] The Court does not reach the government's arguments for dismissal of Mr. Scott's claim for failure to state a claim pursuant to RCFC 12(b)(6) because the Court finds that it lacks jurisdiction over his claim.