# In the United States Court of Federal Claims

No. 09-33308
(Filed: July 21, 2023)[1]

**NOT FOR PUBLICATION**

```
*****************************************
CLIFFORD KEETON BARNES, et al.,    *
                                   *
              Plaintiffs,          *
                                   *
         v.                        *
                                   *
THE UNITED STATES,                 *
                                   *
              Defendant.           *
*****************************************
```

*Brian M. Leiding*, Naples, FL, proceeding *pro se*.

*Emily Van Dam*, U.S. Department of Justice, Tax Division, Washington, DC, counsel for Defendant.

## MEMORANDUM OPINION AND ORDER

On April 28, 2020, the Court ordered plaintiff Brian Leiding to file a notice "verifying his or her current contact information[.]" *Koopmann, et al. v. United States*, No. 09-333 [ECF 143]. Thereafter, the Court *sua sponte* extended the deadline for the plaintiffs to file their notice to July 1, 2020. *Koopmann*, [ECF 185]. Nevertheless, Mr. Leiding failed to file a notice, and the Court subsequently dismissed his claims on December 1, 2020, after the government moved to dismiss them pursuant to Rule 41(b) of the Rules of the United States Court of Federal Claims ("RCFC"). *Koopmann, et al. v. United States*, 151 Fed. Cl. 336, 340-41 (2020).

Mr. Leiding then joined a motion filed on February 2, 2021, seeking reconsideration of the Court's dismissal order. *Koopmann*, [ECF No. 579]. The Court granted Mr. Leiding's motion for reconsideration on May 23, 2022, and vacated his prior dismissal. *Koopmann*, [ECF 598]. The Court directed the Clerk to move Mr. Leiding to *Barnes, et al. v. United States*, 09-33308. *Id*. at 1. Additionally, the Court directed Mr. Leiding to file a "completed short-form complaint by no later than July 22, 2022" and, for convenience, attached a sample short-form complaint. *Id*.

Mr. Leiding filed a short-form complaint on August 25, 2022. [ECF 27]. In his complaint, Mr. Leiding provided his name, address, and social security number. *Id*. at 3. However, with respect to information relating to his tax refund claim that he purportedly filed with the Internal Revenue Service ("IRS"), Mr. Leiding stated that the date of filing his refund claim, the tax period for which his claim sought a refund, whether the IRS disallowed his refund

---

[1] To promote clarity and transparency, the Court also filed this Order in *Koopmann, et al. v. United States*, 09-333.

claim, and the date of such disallowance, were all "unknown due to records lost in storage fire" and that he was "unable to acquire records at this time." *Id*.

On October 21, 2022, the government filed a motion to dismiss Mr. Leiding's complaint for lack of jurisdiction pursuant to RCFC 12(b)(1), or, in the alternative, for failure to state a claim pursuant to RCFC 12(b)(6). [ECF 35]. The government argues that Mr. Leiding has failed to "fulfill[] the jurisdictional prerequisites for bring a refund claim in this Court." *Id*. at 6. The government points to the lack of information in Mr. Leiding's short-form complaint and also explains that the government "was unable to locate a copy of any administrative claim for refund that Mr. Leiding may have filed." *Id*. at 7. As a result of these deficiencies, the government argues that "[h]is filing falls grossly short of the requirements of Rule 9(m)[,]" which contain the jurisdictional prerequisites for a refund suit. *Id*. at 8-9. Mr. Leiding did not file a response to the government's motion, and, on January 17, 2023, the government filed a reply asking that the Court treat its motion as unopposed. [ECF 43].

To invoke this Court's jurisdiction in a tax refund suit, a plaintiff must comply with 26 U.S.C. § 7422(a), which provides:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

*See Stephens v. United States*, 884 F.3d 1151, 1156 (Fed. Cir. 2018) (holding that the requirements of § 7422(a) must be met for this Court to exercise jurisdiction over a tax refund claim under the Tucker Act). The jurisdictional requirements of 26 U.S.C. § 7422(a) are reflected in the pleading requirements of Rule 9(m). *See* RCFC 9(m); *Ellis v. United States*, 144 Fed. Cl. 548, 553-54 (2019). RCFC 9(m) states that, in pleading a claim for a tax refund, a party must include:

    (A)    a copy of the claim for refund, and
    (B)    a statement identifying:
        (i)    the tax year(s) for which a refund is sought;
        (ii)    the amount, date, and place of each payment to be refunded;
        (iii)    the date and place the return was filed, if any;
        (iv)    the name, address, and identification number of the taxpayer(s) appearing on the return;
        (v)    the date and place the claim for refund was filed; and

> (vi)     the identification number of each plaintiff, if different from the identification number of the taxpayer.

The party seeking to invoke this Court's jurisdiction has the burden to establish that jurisdiction exists by a preponderance of evidence. *Stephens*, 884 F.3d at 1156. While pleadings filed by *pro se* plaintiffs are held to a less stringent standard than pleadings drafted by lawyers, a *pro se* plaintiff still must establish that this Court has jurisdiction over his claims. *El v. United States*, 144 Fed. Cl. 741, 748 (2019).

Mr. Leiding has failed to meet the jurisdictional prerequisites to bring his tax refund claim. His short-form complaint lacks critical information relating to his tax refund claim that is necessary for the government to meaningfully respond to his claim and for the Court to determine whether it possesses jurisdiction. *Koopmann v. United States*, 151 Fed. Cl. 798, 804-05 (2021). As a result of these deficiencies, his complaint must be dismissed.

Accordingly, the Court **GRANTS** the government's motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1).[2] The claim of Brian Leiding **SHALL BE DISMISSED**. Pursuant to RCFC 54(b), there being no just reason for delay, the Clerk is **DIRECTED** to enter judgment against Brian Leiding.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge

---

[2] The Court does not reach the government's arguments for dismissal of Mr. Leiding's claim for failure to state a claim pursuant to RCFC 12(b)(6) because the Court finds that it lacks jurisdiction over his claim.