# In the United States Court of Federal Claims

No. 09-33308

(Filed: July 24, 2023)[1]

**NOT FOR PUBLICATION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| CLIFFORD KEETON BARNES, *et al.*, * | |
| * | |
| Plaintiffs, * | RCFC 12(b)(1); Lack of Subject- |
| * | Matter Jurisdiction; Federal Insurance |
| v. * | Contributions Act ("FICA"); Tax |
| * | Refund Claim; Statute of Limitations; |
| THE UNITED STATES, * | I.R.C. § 6532; *Pro Se*. |
| * | |
| Defendant. * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*James A. Grosswiler*, Mission Viego, CA, proceeding *pro se*.

*Emily Van Dam*, U.S. Department of Justice, Tax Division, Washington, DC, counsel for Defendant.

### MEMORANDUM OPINION AND ORDER

James A. Grosswiler is one of several retired United Airlines pilots seeking a refund of Federal Insurance Contributions Act ("FICA") taxes paid at the time of their respective retirements. Mr. Grosswiler was originally listed as a plaintiff in a complaint filed in *Sofman, et al. v. United States*, No. 10-157, on March 12, 2010. [ECF 1] at 1. In the complaint, he attached a letter from the Internal Revenue Service ("IRS") Appeals Office dated April 10, 2008, stating that the IRS "has completed [a] review of [his] denied claim" and that "[b]ased on the evidence . . . there is no basis to allow it." [ECF 1-2] at 42. The letter also advised him that, if he wished to contest the decision, he could "file suit in either the United States District Court or the United States Court of Federal Claims[,]" but he must do so "within two years from the date of the claim disallowance letter which was issued on 10/17/2007 to you." *Id*. Mr. Grosswiler did not provide a copy of a Tax Refund Claim Form 843 with the complaint, as required by Rule 9(m) of the Rules of the United States Court of Federal Claims ("RCFC").[2]

The Court subsequently severed his claim from *Sofman* and consolidated it into *Barnes et al. v. United States*, No. 09-33308, which consisted of individual plaintiffs with unknown

---

[1] To promote clarity and transparency, the Court also filed this Order in *Koopmann, et al. v. United States*, 09-333.

[2] In response to the Court's order to submit information in compliance with RCFC 9(m), Mr. Grosswiler subsequently filed with the Court a Tax Refund Claim Form 843, which was signed on February 16, 2021. *Sofman*, [ECF 255] at 2. There is no evidence showing that this Form 843 was filed with the IRS. Further, since this Form 843 was signed after the IRS Appeals Office denied his refund claim in a letter dated April 10, 2008, it is clear that this Form 843 is not connected to the relevant tax refund claim rejected by the IRS.

retirement dates, FICA payment dates, and refund claim dates. *Sofman*, [ECF 265] at 4. In *Barnes*, Mr. Grosswiler filed a short-form complaint in which he confirmed that the IRS disallowed his refund claim on October 17, 2007. [ECF 33-1] at 3-4, 10. Mr. Grosswiler also stated that he was not able to locate a copy of his original Tax Refund Claim Form 843. [ECF 33-1] at 14. The government was unable to locate any documents relating to his administrative refund claim filed with the IRS. [ECF 36] at 7.

On October 21, 2022, the government moved to dismiss Mr. Grosswiler's claim for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1), and alternatively, for failure to state a claim pursuant to RCFC 12(b)(6). Def.'s Mot. to Dismiss [ECF 36]. In its motion, the government argues that Mr. Grosswiler's complaint should be dismissed "due to his failure to satisfy the two-year statute of limitations in I.R.C. § 6532(a)." *Id.* at 7. The government asserts that the evidence in the record shows that Mr. Grosswiler "received a notice of disallowance letter on his claims on October 17, 2007" and that "the IRS Appeals letter warned him, 'you can file suit in . . . the United States Court of Federal Claims . . . within two years from the date of the claim disallowance letter which was issued on 10/17/2007 to you.'" *Id.* at 8. Mr. Grosswiler signed a joint response to the government's motion to dismiss that was filed by several plaintiffs in this case. [ECF 40]. However, as the government points out in its reply, Mr. Grosswiler failed to address its argument that his claim is untimely under I.R.C. § 6532. [ECF 42]. The Court finds that, because the complaint in *Sofman*, which lists Mr. Grosswiler as a plaintiff, was not filed until March 12, 2010, Mr. Grosswiler's claim must be dismissed for lack of subject matter jurisdiction because his suit was brought more than two years after the issuance of the notice of disallowance by the IRS.

This Court's Tucker Act jurisdiction over tax refund suits is limited by I.R.C. § 7422(a), which provides that a taxpayer must first file an administrative claim for a refund with the IRS before bringing an action in any court. *See Stephens v. United States*, 884 F.3d 1151, 1156 (Fed. Cir. 2018) (holding that the requirements of § 7422(a) must be met for this Court to exercise jurisdiction over a tax refund claim under the Tucker Act). It is also limited by the requirements found in I.R.C. § 6532(a)(1), which states:

> No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

*See Weston v. United States*, 2022 WL 1097361, at *1 (Fed. Cir. Apr. 13, 2022) (stating "failure to file a timely complaint under § 6532(a)(1) deprives the Claims Court of subject matter jurisdiction"). The party seeking to invoke this Court's jurisdiction has the burden to establish that jurisdiction exists by a preponderance of evidence. *Stephens*, 884 F.3d at 1156. While pleadings filed by *pro se* plaintiffs are held to a less stringent standard than pleadings drafted by lawyers, a *pro se* plaintiff still must establish that this Court has jurisdiction over his claims. *El v.*

*United States*, 144 Fed. Cl. 741, 748 (2019). When considering a motion to dismiss for lack of jurisdiction, the Court "must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

The evidence in the record demonstrates that Mr. Grosswiler's tax refund claim was not timely filed in this Court in accordance with the requirements of § 6532(a)(1). The evidence shows, and Mr. Grosswiler acknowledges, that the notice of disallowance letter from the IRS was issued to Mr. Grosswiler on October 17, 2007. *Sofman*, [ECF 1-2] at 42; [ECF 33-1] at 3-4, 10. The docket shows that Mr. Grosswiler did not file his complaint in *Sofman* until March 12, 2010. *Sofman*, [ECF 1]. This supports the conclusion that his tax refund suit was filed after "the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates" as required by § 6532(a)(1).[3] Because Mr. Grosswiler's complaint does not comply with the requirements of § 6532(a)(1), this Court lacks subject matter jurisdiction to consider his tax refund claim, and it must be dismissed.[4]

Accordingly, the Court **GRANTS** the government's motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1).[5] The complaint of James A. Grosswiler **SHALL BE DISMISSED**. Pursuant to RCFC 54(b), there being no just reason for delay, the Clerk is **DIRECTED** to enter judgment against James A. Grosswiler.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge

---

[3] The record does not show "the date of mailing by certified mail or registered mail by the [IRS] to the taxpayer" of the disallowance letter. Nevertheless, it is logical to conclude that it was mailed on or shortly after the date of its issuance on October 17, 2007. This is supported by the fact that Mr. Grosswiler appealed the disallowance, as evidenced by the letter from the IRS Appeals Office dated April 10, 2008. Further, the letter from the IRS Appeals Office states that the disallowance letter was issued to him on October 17, 2007. [ECF 1-2] at 42. Mr. Grosswiler also acknowledges that his refund claim was disallowed on October 17, 2017, *see* [ECF 33-1] at 10, and he does not dispute that the IRS mailed the disallowance letter to him.

[4] There is no equitable exception to the to the time limitation for filing a tax refund suit imposed by I.R.C. § 6532(a). *See RHI Holdings, Inc. v. United States*, 142 F.3d 1459, 1461-62 (Fed. Cir. 1998). Although § 6532(a) contains two exceptions to the time limitation; neither exception is at issue in this case. *See* I.R.C. § 6532(a)(2)-(3).

[5] The Court does not reach the government's arguments for dismissal of Mr. Grosswiler's claim for failure to state a claim pursuant to RCFC 12(b)(6) because the Court finds that it lacks jurisdiction over his claim. However, even if the Court were to determine that it had jurisdiction to consider Mr. Grosswiler's refund claim *and* that his refund claim was timely filed with the IRS, his claim would still be subject to dismissal for the same reasons set forth in the Court's Memorandum Opinion and Order in *Beavis, et al. v. United States*, 2023 WL 4683543 (Fed. Cl. July 20, 2023).