# In the United States Court of Federal Claims

No. 09-33308
(Filed: July 24, 2023)[1]

**NOT FOR PUBLICATION**

|  |  |  |
|---|---|---|
| **************************************** | | |
| CLIFFORD KEATON BARNES, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | RCFC 12(b)(1); Lack of Subject- |
| | * | Matter Jurisdiction; Federal Insurance |
| v. | * | Contributions Act ("FICA"); Tax |
| | * | Refund Claim; Statute of Limitations; |
| THE UNITED STATES, | * | I.R.C. § 6511; *Pro Se*. |
| | * | |
| Defendant. | * | |
| **************************************** | | |

*Paul W. Nibur*, Clovia, CA, proceeding *pro se*.

*Emily Van Dam*, U.S. Department of Justice, Tax Division, Washington, DC, counsel for Defendant.

## MEMORANDUM OPINION AND ORDER[2]

**DIETZ, Judge.**

Paul W. Nibur, proceeding *pro se*, is one of several retired United Airlines pilots seeking a refund of Federal Insurance Contributions Act ("FICA") taxes paid at the time of their respective retirements. Before the Court is the government's motion to dismiss Mr. Nibur's complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). Because the Court finds that Mr. Nibur failed to timely file his tax refund claim with the Internal Revenue Service ("IRS") as required by section 6511 of the Internal Revenue Code ("I.R.C."), the Court lacks jurisdiction to hear his complaint. Accordingly, the government's motion to dismiss is **GRANTED**.

---

[1] To promote clarity and transparency, the Court also filed this Memorandum Opinion and Order in *Koopmann, et al. v. United States*, 09-333.

[2] This Memorandum Opinion and Order is nearly identical to those issued by the Court in *Biestek v. United States*, 09-33301, *DiCicco, et al. v. United States*, 09-33303, and *Anderson, et al. v. United States*, 09-33306. *See Biestek v. United States*, 09-33301, 2022 WL 17975973 (Fed. Cl. Dec. 28, 2022); *DiCicco, et al. v. United States*, 09-33303, 2023 WL 3064016 (Fed. Cl. Apr. 24, 2023); *Anderson, et al. v. United States*, 09-33306, 2023 WL 4057561 (Fed. Cl. June 13, 2023). It has been modified to reflect the circumstances of Mr. Nibur's complaint.

**I.     BACKGROUND**

A FICA tax is "imposed on the income of every individual" by the United States government, and it is used by the government to fund federal benefits, such as Social Security and Hospital Insurance ("HI"). *See* I.R.C. § 3101; 26 C.F.R. § 31.3121(a)-2. Although the FICA tax is generally paid when the employee receives wages, wages under a nonqualified deferred compensation plan—the type of plan at issue in this case—are subject to a "special timing rule[.]" *See* I.R.C. § 3121(a); 26 C.F.R. § 31.3121(v)(2)-1; *Balestra v. United States*, 803 F.3d 1363, 1366 (Fed. Cir. 2015). Under the special timing rule, the FICA tax on wages deferred under a nonqualified deferred compensation plan is paid on "[t]he date on which services creating the right to the amount deferred are performed" or "[t]he date on which the right to the amount deferred is no longer subject to a substantial risk of forfeiture[,]" whichever is latest. 26 C.F.R. § 31.3121(v)(2)-1(e)(1). Furthermore, for a non-account balance plan—the type of nonqualified deferred compensation plan held by Mr. Nibur—the FICA tax is not required to be paid until "the first date on which all the amount deferred is reasonably ascertainable (the resolution date)." 26 C.F.R. § 31.3121(v)(2)-1(e)(4)(i)(A). A deferred amount is "considered reasonably ascertainable on the first date on which the amount, form, and commencement date of the benefit payments attributable to the amount deferred are known[.]" *Id.* § 31.3121(v)(2)-1(e)(4)(i)(B). The deferred amount is taxed at "present value," which is computed with reference to actuarial projections for life expectancy and a discount rate which accounts for the time value of money but does not account for the risk of employer default. *See* 26 C.F.R. § 31.3121(v)(2)-1(c)(2)(ii); *Koopmann v. United States*, 150 Fed. Cl. 299, 302 (2020) (citing *Balestra*, 803 F.3d at 1371).

Mr. Nibur retired from United Airlines on October 1, 2004. More Definite Statement for Paul W. Nibur [ECF 31-1] at 2. At the time of his retirement, Mr. Nibur's nonqualified deferred compensation benefits were estimated to be valued at $411,661.00, with a FICA tax assessment of $5,969.09. *Id*. Pursuant to the special timing rule, United Airlines paid the FICA tax on Mr. Nibur's behalf in 2004, the year he retired. *Id.*[3] However, United Airlines subsequently filed for bankruptcy, and Mr. Nibur received only $86,773.00 in benefits.[4] *Id.* Mr. Nibur filed a tax refund claim with the IRS seeking $8,372.04 for the HI portion of the FICA tax, which was dated March 25, 2010. Paul W. Nibur Short Form Compl., *Sofman, et al. v. United States*, No. 10-157 [ECF 247] at 2. Mr. Nibur subsequently filed a corrected refund claim dated March 28, 2010, seeking $4,711.00. Pls.' Pet. to Join Case, *Sofman*, No. 10-157 [ECF 82] at 14.

Mr. Nibur is one of a larger group of retired United Airlines pilots seeking a refund of FICA taxes. Another retired United Airlines pilot, William Koopmann, proceeding *pro se*, filed a case in this Court on May 26, 2009, in which he similarly sought a refund of the HI portion of the FICA tax paid in connection with his nonqualified deferred compensation benefits.[5] *See*

---

[3] While this citation does not state that United Airlines paid the FICA taxes on behalf of Mr. Nibur, it demonstrates that FICA taxes were "deducted from [his] lump sum distribution in 2004" by United Airlines. [ECF 31-1] at 2.

[4] The United States Court of Appeals for the Seventh Circuit approved United Airlines reorganization following its bankruptcy in 2006. *See In re UAL Corp.*, 468 F.3d 444 (7th Cir. 2006).

[5] This case was reassigned to the undersigned on January 12, 2021. *See* Jan. 12, 2021 Order, *Koopmann, et al. v. United States*, No. 09-333 [ECF 393].

Compl., *Koopmann, et al. v. United States*, No. 09-333 [ECF 1]. Thereafter, on March 12, 2010, Peter Sofman, another retired United Airlines pilot, filed a separate *pro se* case seeking a FICA tax refund. *See* Compl., *Sofman*, No. 10-157 [ECF 1].

Mr. Koopmann and Mr. Sofman collectively sought to include over 160 other retired United Airlines pilots as plaintiffs in their respective cases. *See Koopmann*, No. 09-333 [ECF 1] at 1-2; *Sofman*, No. 10-157 [ECF 1] at 1. The Court allowed each retired pilot, to join the *Koopmann* and *Sofman* cases as individual *pro se* plaintiffs. *See* May 26, 2010 Order, *Koopmann*, No. 09-333 [ECF 62]; May 26, 2010 Order, *Sofman*, No. 10-157 [ECF 77]. On May 2, 2011, Mr. Nibur, along with five other retired United Airlines pilots, filed a petition to be added to the *Sofman* case. *See Sofman*, No. 10-157 [ECF 82]. The Court allowed Mr. Nibur to join the *Sofman* case as an individual *pro se* plaintiff on July 16, 2014. Jul. 16, 2014 Order, *Sofman*, No. 10-157 [ECF 85]. The Court eventually consolidated the *Koopmann* and *Sofman* cases under *Koopmann*. *See* Jul. 23, 2021 Order, *Koopmann*, No. 09-333 [ECF 565] at 3; Jul. 23, 2021 Order *Sofman,* 10-157 [ECF 265] at 3.

In an opinion issued on September 30, 2020, this Court dismissed Mr. Koopmann's complaint for lack of subject matter jurisdiction because the Court found that his tax refund claim was not timely filed with the IRS and thus his complaint was time-barred by § 6511. *Koopmann*, 150 Fed. Cl. at 304. Mr. Koopmann appealed, and the Federal Circuit affirmed the dismissal of his complaint. *Koopmann v. United States*, No. 2021-1329, 2022 WL 1073340 (Fed. Cir. Apr. 11, 2022).[6] Despite the dismissal of Mr. Koopmann's complaint, many of the other retired pilots who joined the *Koopmann* case remained active in the litigation and continued to prosecute their complaints. To ensure that each plaintiff provided the necessary information to support their individual tax refund claim in this Court pursuant to RCFC 9(m), the Court required each individual plaintiff to file a short form complaint. *See* Jan. 12, 2021 Order, *Koopmann*, No. 09-333 [ECF 391] at 12-13; Jan. 12, 2021 Order, *Sofman*, No. 10-157 [ECF 232] at 12-13. Mr. Nibur filed his short form complaint on March 1, 2021. *Sofman*, No. 10-157 [ECF 247].

For case management purposes, the Court used the information contained in the short form complaints to organize the remaining individual plaintiffs into nine groups based upon retirement date and to sever each group into a separate case. *See Koopmann,* No. 09-333 [ECF 565]; *Sofman*, No. 10-157 [ECF 265]. Because Mr. Nibur's short form complaint was missing necessary information, such as his retirement date and the date and amount of FICA taxes paid, he was assigned to the instant case, which consists of individual plaintiffs whose short form complaints are deficient. *See id*. at 4; *see also* Jul. 02, 2021 Def. Status Rep., *Sofman*, No. 10-157 [ECF 263] at 10. On October 17, 2022, the government moved to dismiss Mr. Nibur's complaint for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1). Def.'s Mot. to Dismiss Paul Nibur [ECF 32]. Mr. Nibur signed onto a combined response with other plaintiffs in this case, which was filed on December 20, 2022. Pls.' Resp. [ECF 40]. The government filed its reply on January 17, 2023. Def.'s Reply [ECF 44]. The Court has reviewed the briefing and determined that oral argument is not necessary to reach a decision.

---

[6] This Court also dismissed another plaintiff, William Brashear, on the same grounds and same day as Mr. Koopmann. *See Koopmann v. United States*, 150 Fed. Cl. 290, 299 (2020). Mr. Brashear's dismissal was also upheld by the Federal Circuit in *Koopmann*. *See* 2022 WL 1073340, at *7.

## II.     LEGAL STANDARDS

A motion to dismiss for lack of subject-matter jurisdiction challenges the court's "general power to adjudicate in specific areas of substantive law[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1). When considering a motion to dismiss for lack of jurisdiction, the Court "must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). If a motion to dismiss for lack of subject-matter jurisdiction challenges the truth of the jurisdictional facts alleged, the Court may consider relevant evidence outside the complaint when resolving the dispute. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988); *Engage Learning v. Salazar*, 660 F.3d 1346, 1355 (Fed. Cir. 2011). A plaintiff has the burden to establish jurisdiction by a preponderance of the evidence. *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013).

The Court liberally construes pleadings from *pro se* plaintiffs. *See Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141 (Fed. Cir. 2018). The leniency afforded to *pro se* plaintiffs, however, does not give the court "discretion to bend . . . [or] take a liberal view of jurisdictional requirements for *pro se* litigants[.]" *Stanley v. United States*, 107 Fed. Cl. 94, 98 (2012). *Pro se* plaintiffs must still establish the court's jurisdiction by a preponderance of the evidence. *See Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017); *see also Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[W]here the question is the calculation of the time limitations placed on the consent of the United States to suit, a court may not [] take a liberal view of that jurisdictional requirement and set a different rule for *pro se* litigants.").

## III.    DISCUSSION

The government asserts that this Court lacks jurisdiction over Mr. Nibur's complaint because "the administrative claim filed by [Mr. Nibur] was untimely, and his refund claim in this suit is barred by I.R.C. § 6511." [ECF 32] at 4. This Court possesses jurisdiction over claims for tax refunds provided that the plaintiff meets certain jurisdictional requirements. *See* 28 U.S.C. § 1346(a)(1); I.R.C. § 7422(a); *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4, 14 (2008). One of those requirements is that the plaintiff must *timely* file a refund claim with the Secretary of the Treasury before proceeding with a refund suit in this Court. *See* I.R.C. § 7422(a); *Sun Chem. Corp. v. United States*, 698 F.2d 1203, 1206 (Fed. Cir. 1983) ("[I]t is a well-established rule that a timely, sufficient claim for refund is a jurisdictional prerequisite to a refund suit"); *see also Greene v. United States*, 191 F.3d 1341, 1343 (Fed. Cir. 1999). Under § 6511, a federal tax refund claim must be filed "by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later[.]" I.R.C. § 6511(a). Additionally, when calculating the time limitations for a FICA tax refund claim, the following must be taken into consideration:

>    (1)    If a return for any period ending with or within a calendar year is filed before April 15 of the succeeding calendar year, such return shall be considered filed on April 15 of such succeeding calendar year; and

>   (2)   If a tax with respect to remuneration or other amount paid during any period ending with or within a calendar year is paid before April 15 of the succeeding calendar year, such tax shall be considered paid on April 15 of such succeeding calendar year.

I.R.C. § 6513(c). Failure to file a refund claim within the requisite period deprives this Court of jurisdiction to hear the case. *See Clintwood*, 553 U.S. at 4.

Following Mr. Nibur's retirement on October 1, 2004, United Airlines paid the applicable FICA tax on his nonqualified deferred compensation benefits. [ECF 31-1] at 2. According to IRS transcripts,[7] United Airlines filed its quarterly returns for the year 2004 on April 30, 2004, July 31, 2004, October 31, 2004, and January 31, 2005. *See* Def.'s Ex. A [ECF 32-1] at 3, 10, 20, 26. Because all the returns for the 2004 tax year were filed before April 15, 2005, these returns are considered filed as of April 15, 2005. *See* I.R.C. § 6513(c)(1). IRS transcripts also demonstrate that United Airlines made the applicable tax deposits by no later than January 6, 2005. *See* [ECF 32-1] at 28. Because all the tax deposits for the 2004 tax year were made before April 15, 2005, these returns are considered paid as of April 15, 2005. *See* I.R.C. § 6513(c)(2). Under these circumstances, Mr. Nibur was required by § 6511 to file his refund claim with the IRS by April 15, 2008—which is the later date of three years from the time that United Airlines filed the return and two years from the time when United Airlines paid the tax. *See* I.R.C. § 6511. Mr. Nibur did not file his tax refund claim until March 25, 2010. *Sofman*, No. 10-157 [ECF 247] at 2. Because Mr. Nibur's tax refund claim was not timely filed as required by § 6511, the Court lacks jurisdiction to consider his tax refund suit.

In his response to the government's motion to dismiss, Mr. Nibur adopts the same arguments raised by Mr. Biestek and the 2000 Plaintiffs in their responses to the government's motion to dismiss in their cases.[8] *See* [ECF 40] at 1 (stating that they "affirm[] the Biestek

---

[7] Mr. Nibur argues that the IRS transcripts provided by the government show only that United Airlines "filed FICA tax returns regularly," not that United Airlines filed a FICA tax return specifically on his behalf. Pl.'s Resp. to Def.'s Mot. to Dismiss, *Biestek v. United States*, No. 09-33301 [ECF 9] at 3. Mr. Nibur also challenges that the Federal Circuit never decided whether the IRS transcripts for United Airlines "proved a date, or if, a specific FICA H.I. tax was paid to start a time statute, when no SSN, name of the employee, or amount correlated to an employee's tax was indicated anywhere in that record, and whether it could constitute evidence by assumption." [ECF 40] at 4. These arguments are meritless. In an email from Mr. Nibur to the government, Mr. Nibur acknowledges that United Airlines deducted $5,969.09 from his lump sum distribution in 2004, the year of his retirement. *See* [ECF 31-1] at 2. Mr. Nibur does not argue in his complaint or otherwise demonstrate that United Airlines failed to report his wages on its quarterly tax returns or to make payment of the FICA taxes attributable to his wages.

[8] Mr. Nibur states that he adopts the arguments previously raised by five different groups of plaintiffs: Mr. Biestek, the 1999 Plaintiffs, the 2000 Plaintiffs, the 2001 Plaintiffs, and the 2002 Plaintiffs. [ECF 40] at 1. However, all of the arguments are captured in the responses to the government's motions to dismiss filed by Mr. Biestek and the 2000 Plaintiffs. The 1999 Plaintiffs adopted the same arguments as Mr. Biestek. *See* Pl.'s Response to Def.'s Mot. to Dismiss, *Henderson, et al. v. United States*, 09-33302 [ECF 11] at 1. The 2001 Plaintiffs and the 2002 Plaintiffs joined the response filed by the 2000 Plaintiffs. *Compare* Pl.'s Response to Def.'s Mot. to Dismiss, *DiCicco*, No. 09-33303 [ECF 14]; *with* Pl.'s Response to Def.'s Mot. to Dismiss, *Allen, et al. v. United States*, 09-33304 [ECF 24]; Pl.'s Response to Def.'s Mot. to Dismiss, *Adams, et al. v. United States*, 09-333-5 [ECF 54].

arguments, as well as the arguments in the previous joint responses for [the 1999 Plaintiffs, 2000 Plaintiffs, 2001 Plaintiffs, and 2002 Plaintiffs]."). The Court considered and rejected these arguments in *Biestek* and *DiCicco*. *See Biestek v. United States*, 09-33301, 2022 WL 17975973 (Fed. Cl. Dec. 28, 2022) at *4-5; *DiCicco, et al. v. United States*, 09-33303, 2023 WL 3064016 (Fed. Cl. Apr. 24, 2023) at *6-7. For the same reasons stated in *Biestek* and *DiCicco*, the Court rejects these arguments in this case.[9]

### IV.   CONCLUSION

The government appears to have inadvertently filed a duplicate version of its motion to dismiss Mr. Nibur's complaint. *Compare* Oct. 17, 2023 Def.'s Mot. to Dismiss Paul Nibur [ECF 32] *with* Oct. 19, 2023 Def.'s Mot. to Dismiss Paul Nibur [ECF 34]. The Court considers the government's first filed motion [ECF 32] as the operative motion. For docket clarity, the Clerk **SHALL STRIKE** the duplicative motion [ECF 34].

For the reasons stated above, the government's motion to dismiss [ECF 32] is **GRANTED**. Mr. Nibur's complaint is **DISMISSED**. The Clerk is **DIRECTED** to enter judgment against Mr. Nibur and to close this case.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge

---

[9] In addition to adopting the arguments raised by Mr. Biestek and the 2000 Plaintiffs, Mr. Nibur raises several "additional arguments." [ECF 40] at 1. However, upon consideration, the Court views these arguments as substantively the same as those raised by the 2000 Plaintiffs. *Compare* [ECF 40] *with DiCicco*, No. 09-33303 [ECF ECF 14]. In essence, the arguments challenge the constitutionality of the IRS assessing and collecting FICA taxes on nonqualified deferred compensation prior to the compensation being received by the taxpayer and the application of the time limitations under § 6511 to FICA tax refund claims. For the same reasons stated in *DiCicco*, the Court rejects these arguments in this case. *DiCicco*, 2023 WL 3064016, at *6, *6 n.13.